IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GERALD SANABRIA, | : | |
| | : | |
| Plaintiff, | : | Case No. C2:04-cv-508 |
| | : | |
| v. | : | JUDGE ALGENON L. MARBLEY |
| | : | |
| GERMAIN MOTOR Co., | : | Magistrate Judge Abel |
| | : | |
| Defendant. | : | |

**OPINION AND ORDER**

**I. INTRODUCTION**

This matter comes before the Court on Defendant, Germain Motor Company's ("Germain"), Motion for Summary Judgment. Plaintiff, Gerald Sanabria, who Defendant did not hire for the position of Auto Sales Consultant, raises claims of employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981 and § 2000e *et seq.*, and pursuant to state law, Ohio Revised Code § 4112. Plaintiff also raises a state law claim of tortious interference with a business opportunity. For the following reasons, Defendant's Motion for Summary Judgment is **GRANTED**. [Docket No. 19].

**II. BACKGROUND**

In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); however, the facts giving rise to this cause of action are largely undisputed. In March of 2003, Defendant advertised open interview sessions for the position of Auto Sales Consultant. Plaintiff, who had recently been employed in a similar position, attended one of these sessions.

Plaintiff, who is of Hispanic origin, claims that upon arriving at the open interview, he was the only applicant treated rudely by Defendant's Human Resource Manager, Beth Ann Hardy.

As part of the application process, Plaintiff had to complete a written questionnaire. Therein, Plaintiff indicated that he had been cited for various moving violations, including citations for speeding. Shortly after Plaintiff submitted the completed application, Defendant checked Plaintiff's driving record and discovered that he had four points on his driver's license. These points, imposed pursuant to the Ohio Department of Public Safety's point system, which assesses drivers various penalty points for each traffic violation, rendered him ineligible for coverage under Germain's insurance policy. Because an Auto Sales Consultant is required to operate motor vehicles and because any employee operating vehicles must be insured, Germain informed Plaintiff that he was not qualified for the job. Plaintiff again applied to Defendant in July of 2003, approximately three months after his initial interview, but was again rejected due to his poor driving record.[1]

On August 29, 2003, Plaintiff sent a letter to Germain stating that they because Germain had not yet been responsive to his informal charges of discrimination, he intended to file a charge with the Equal Employment Opportunity Commission ("EEOC"). On September 4, 2003, Plaintiff sent a letter asserting that he had contacted several civil rights groups. Plaintiff sent similar letters on September 21, 2003 and on October 5, 2003.

On November 19, 2003, Plaintiff filed a complaint with the EEOC. On November 30, 2003, he informed Defendant, via letter, that he had done so and made a $12,000 settlement demand. No money was forthcoming. On February 19, 2004, the EEOC notified Plaintiff that it

---

[1] At this point, Defendant actually had six points on his license due to a recent car accident.

had found no evidence of discrimination. Rather, the EEOC had concluded that Germain did not hire Plaintiff because he was a "high risk" driver, and thus uninsurable under Germain's insurance policy. Additionally, the EEOC informed Plaintiff that Germain, during the relevant period, had refused employment to all "high risk" drivers, regardless of their race. Shortly thereafter, the EEOC dismissed the charge and issued Plaintiff his right to sue letter. Plaintiff faxed the right to sue letter to Defendant and made a $25,000 settlement demand. The record indicates that Defendant did not respond to any of Plaintiff's letters or settlement demands.

On June 9, 2004, Plaintiff filed a Complaint with this Court alleging that Defendant only checked the driving records of minority applicants and generally discouraged minorities from applying for employment. Defendant answered Plaintiff's Complaint on June 30, 2004 and, since then, Plaintiff has been deposed. On February 4, 2005, Defendant filed a Motion for Summary Judgment to which Plaintiff, who is pro se, opted not to respond. This matter is now ripe for disposition.

### III. STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The movant has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388-89 (6th Cir. 1993).

The nonmoving party must then present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 340 (6th Cir. 1993) (citation omitted). The existence of a mere scintilla of evidence in support of the nonmoving party's position will not be sufficient; there must be evidence on which the jury could reasonably find for the nonmoving party. *Anderson*, 477 U.S. at 251; *see also Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995).

The Court recognizes that Plaintiff is a pro se litigant. A pro se litigant's pleadings are to be construed liberally and have been held to less stringent standards than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nevertheless, those who proceed without counsel must still comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## IV. ANALYSIS

**A. Plaintiff's Failure to Respond to Defendant's Motion for Summary Judgment**

The Court must first address what effect, if any, results from Plaintiff's failure to respond to Defendant's Motion for Summary Judgment. Federal Rule of Civil Procedure 56(e) prohibits the adverse party from resting merely on pleadings, and affirmatively requires that the adverse party respond by putting forth "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). While the adverse party's failure to respond, alone, is not sufficient to permit entry of summary judgment, *Smith v. Hudson*, 600 F.2d 60, 64 (6th Cir. 1979) ("A party is never required to respond to a motion for summary judgment in order to prevail since the burden of establishing the nonexistence of a material factual dispute always rests with the movant."), Rule 56(e) explains that "if the adverse party does not so respond, summary

judgment, if appropriate, shall be entered against that adverse party." FED. R. CIV. P. 56(e). In considering whether summary judgment is "appropriate" under Rule 56(e), this Court is required to consider all materials properly before the court, including "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" and then determine whether a genuine issue of material fact exists. FED. R. CIV. P. 56(c).

### B. Plaintiff's Federal Discrimination Claims

Plaintiff alleges employment discrimination filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981 and § 2000e *et seq*. Where a plaintiff, as is the case here, does not have credible and direct evidence of discrimination, he may then create a presumption of discrimination by proving the prima facie case outlined in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973). To establish a prima facie case under the McDonnell Douglas framework, Plaintiff must show that he was "(1) a member of a protected class, (2) subject to an adverse employment action, (3) qualified for the position from which he was rejected or terminated, and (4) either replaced by a person from outside the protected class, or treated differently than a similarly situated employee from outside the protected class." *Hein v. All Am. Plywood Co., Inc.*, 232 F.3d 482, 489 (6th Cir. 2000). If the plaintiff successfully establishes a prima facie case, then the burden of persuasion shifts to the employer to present a legitimate non-discriminatory reason for the adverse employment decision. *Id.* (citing *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)). Should the employer carry this burden of persuasion, then the burden returns to the plaintiff to prove by a preponderance of the evidence that the employer's proffered reason was in fact a pretext designed to mask illegal discrimination. *Id.*

In this case, Plaintiff fails to meet his burden with regard to the third element, namely, that he was qualified for the position in question.[2] Plaintiff failed to present any evidence that his qualifications are at least "equivalent to the minimum objective criteria required for employment in the relevant field." *Wexler v. White's Fine Furniture, Inc.*, 317 F. 3d 564, 576 (6th Cir. 2003). To work as an Auto Sales Consultant for Germain, a potential employee must be insurable. An employee is per se uninsurable under Germain's policy when he or she has two or more violations in the three years prior to employment. Germain Motor Company Group's Employee Handbook states that "all employees are expected to be eligible (have an acceptable driving record) to drive dealership vehicles and will be asked to provide the dealership with current and acceptable motor vehicle driving information." *See* Def.'s Mot. to Dismiss at Ex. 2A. In the EEOC's February 19, 2004 letter to Plaintiff, the EEOC investigator explained that "applicants with two or more violations or accidents within the last three years are . . . not considered for employment" because they are considered "high risk" under the guidelines set forth by the Ohio Bureau of Motor Vehicles. *See* Def.'s Mot. to Dismiss at Ex. 1. Plaintiff, who concedes that he has had more than two violations in the three years prior to his applying to Germain, was thus ineligible for employment because he could not be insured under Germain's policy.

Plaintiff has failed to put forth even a scintilla of evidence demonstrating that his qualifications were equivalent to the "minimum objective criteria required for employment" as an Auto Sales Consultant. *Wexler*, 317 F.3d at 576. Moreover, Plaintiff adduced no evidence –

---

[2]Defendant concedes that Plaintiff is a member of a protected class and that he suffered an adverse employment action.

other than conclusory statements in his deposition – that Defendant did not check the driving records of all potential employees. Because Plaintiff fails on the third element, the Court need not address the fourth element. Defendant's Motion for Summary Judgment is therefore **GRANTED** regarding the Plaintiff's employment discrimination claims filed pursuant to federal law.

### C. Plaintiff's State Discrimination Claims

Plaintiff also claims employment discrimination pursuant to Ohio Revised Code § 4112.02.[3] Section 4112.02, the state analog to Title VII, operates pursuant to the *McDonnell Douglas* framework. *See Plumbers & Steamfitters Joint Apprenticeship Comm. v. Ohio Civil Rights Comm'n*, 421 N.E.2d 128, 131 (Ohio 1981) (holding "federal case law interpreting Title VII of the Civil Rights Act of 1964 . . . is generally applicable to cases involving alleged violations of R.C. Chapter 4112," and proceeding to evaluate the plaintiff's claims pursuant to the *McDonnell Douglas* framework). Plaintiff's state law claim, like Plaintiff's federal claims, cannot survive summary judgment because Plaintiff was not qualified for the position due to his poor driving record. Accordingly, the Court **GRANTS** Defendant's Motion for Summary Judgment on Plaintiff's claim brought under Ohio Revised Code § 4112.

### D. Plaintiff's Claim of Tortious Interference

Plaintiff asserts that Defendant's conduct tortiously interfered with a business

---

[3]The statute, in pertinent part, reads:
> It shall be an unlawful discriminatory practice . . . [f]or any employer, because of the race, color, religion, sex, national origin, disability, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.

Ohio Rev. Code § 4112.02.

opportunity, and therefore, violated Ohio's common law. Plaintiff's claim has no merit. First, this tort necessarily requires the involvement of three parties. *See A & B-Abell Elevator Co. Inc., v. Columbus/Cent. Ohio Bldg. & Constr. Trades Council*, 651 N.E.2d 1283 (Ohio 1995) ("The torts of interference with business relationships and contract rights generally occur when a person, without a privilege to do so, induces or otherwise purposely causes a third person not to enter into or continue a business relation with another, or not to perform a contract with another."). Typically, a plaintiff sues a defendant because the defendant interfered with the prospective contract plaintiff had with a third party. *Id*. In this matter, the relevant conduct involved only Plaintiff and Defendant; Germain induced no third party to interfere with the prospective contract.

Second, to the extent Plaintiff is arguing that Defendant tortiously interfered in its own prospective employment contract with Plaintiff, Ohio courts have held that a defendant's "mere refusal to deal with a party cannot support a claim for tortious interference with contractual relations." *Khoury v. Trumbull Physician Hosp. Org.*, No. 99-T-0138, 2000 WL 1804356, at *3 (Ohio Ct. App. Dec. 8, 2000) (citing *Bill Call Ford, Inc., v. Ford Motor Co.*, 830 F. Supp 1053 (N.D. Ohio 1993)). Therefore, because Plaintiff's tortious interference claim cannot rest on Germain's mere refusal to form an employment contract with him, the Court **GRANTS** Defendant's Motion for Summary Judgment on Plaintiff's claim of tortious interference with a prospective business relationship.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment on all claims.  This case is hereby **DISMISSED**.

**IT IS SO ORDERED.**

   **s/ Algenon L. Marbley**
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  September 21, 2005**